John D. Fiero (CA Bar No. 136557)
Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California  94111-4500
Telephone:  415/263-7000
Facsimile:  415/263-7010
Email: jfiero@pszjlaw.com
        lcantor@pszjlaw.com

and

Brad T. Summers (OSB No. 911116)
David W. Criswell (OSB No. 925930)
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone:  503/228-2525
Facsimile:  503/295-1058
Email: tsummers@balljanik.com
        dcriswell@balljanik.com

[Proposed] Attorneys for Debtor Arlie & Company

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Arlie & Company,<br><br>　　　　Debtor. | Case No. 10-60244-aer11<br><br>**Adversary Proc. No. 10-06232-aer11**<br><br>**COMPLAINT OF DEBTOR AND DEBTOR IN POSSESSION TO COMPEL TURNOVER OF DEBTOR'S PROPERTY** |
| ARLIE & COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TONKON TORP LLP,<br><br>　　　　Defendant. | |

**Page 1**　　　**COMPLAINT OF DEBTOR AND DEBTOR IN POSSESSION TO COMPEL TURNOVER OF DEBTOR'S PROPERTY**

## INTRODUCTION

1.      Plaintiff, Arlie & Company, as debtor and debtor in possession in the above-captioned case (the "Plaintiff," "Debtor," or "Arlie"), alleges upon knowledge with respect to itself and upon information and belief as to all other matters as follows:

## JURISDICTION AND VENUE

2.      This adversary proceeding arises in and relates to the chapter 11 case pending before this Court entitled In re Arlie & Company, Case Number 10-60244-aer11.

3.      This adversary proceeding is brought pursuant to sections 362(a) and 542(e) of the Bankruptcy Code and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure. It is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (E).

4.      This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## NATURE OF THIS ACTION

5.      The Debtor seeks turnover of all recorded information relating to the Debtor in the control or possession of the defendant Tonkon Torp LLP (the "Defendant" or "Tonkon Torp") including without limitation books, documents, records, and papers, whether in paper, electronic or other form maintained or created by Tonkon Torp in the course and scope of its representation of Debtor, including but not limited to emails, internal and external, generated by Tonkon Torp relating to Debtor (collectively, the "Records"). The Records are property of the Debtor's estate. Despite multiple requests made to Tonkon Torp by Debtor's proposed new

///

///

**Page 2**      **COMPLAINT OF DEBTOR AND DEBTOR IN POSSESSION TO COMPEL TURNOVER OF DEBTOR'S PROPERTY**

bankruptcy counsel, Pachulski Stang Ziehl & Jones ("PSZJ"), Tonkon Torp has failed and refused to turnover the Records.

## THE PARTIES

6.      Plaintiff Arlie & Company is a corporation organized under the laws of the State of Oregon with its principal place of business at 2911 Tennyson Ave., #400, Eugene, Oregon 97408. Arlie is a commercial and residential real estate developer in Oregon and Hawaii and is a leader in green building practices. Arlie owns and manages commercial developments and properties in Oregon and Hawaii. Arlie also owns and manages a number of commercial and residential real properties in Eugene, Oregon.

7.      Defendant Tonkon Torp is a limited liability partnership duly organized under the laws of the State of Oregon with its principal place of business at 888 SW Fifth Ave., Suite 1600, Portland, Oregon 97204. Tonkon Torp is an Oregon-based law firm and was Debtor's original bankruptcy counsel.

## BACKGROUND

8.      This case commenced on January 20, 2010 (the "Petition Date") by the Debtor filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9.      Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

///

///

///

**Page 3**      **COMPLAINT OF DEBTOR AND DEBTOR IN POSSESSION TO COMPEL TURNOVER OF DEBTOR'S PROPERTY**

10.     No request has been made for the appointment of a trustee or an examiner. An official committee of unsecured creditors (the "Committee") was appointed on January 25, 2010.

11.     On or about January 21, 2010, the Debtor filed its application to retain Tonkon Torp as its bankruptcy counsel at the expense of the Debtor's estate and subject to the provisions of Sections 327 and 330 of the Bankruptcy Code (the "Application").  [Docket No. 11].

12.     By Order of this Court entered January 29, 2010, Tonkon Torp was employed as bankruptcy counsel for the Debtor pursuant to the terms of the Application.  [Docket No. 57]

13.     On or about September 28, 2010, Debtor advised Defendant that its representation was terminated, and that it would be replaced by PSZJ.  A substitution of attorneys was filed on September 30, 2010 [Docket No. 259].

14.     On or about September 30, 2010, PSZJ advised Tonkon Torp orally that it should be preparing for a formal request for the client files created and maintained by Tonkon Torp.  On October 11, 2010, PSZJ transmitted to Tonkon Torp , via email and facsimile, a written request for delivery of the Records.  (See Exhibit A hereto.)

15.     Thereafter, through a series of e-mail exchanges between PSZJ and Tonkon Torp during the period October 11, 2010 to October 15, 2010, Defendant resisted compliance with the turnover request on various grounds, notwithstanding the express provisions of Rules 1.16(c) and (d) and 1.15-1(d) of the Oregon Rules of Professional Conduct, and Oregon State Bar Formal Ethics Opinion No. 2005-125.  (See Exhibit B hereto.)

16.     By communication dated October 15, 2010, Tonkon Torp refused to comply with the turnover request, asserting a "viable attorney lien under ORS 87.430" and demanding that the Debtor deposit 150% of the amount of Tonkon Torp's fees pending the allowance of an

**Page 4**          **COMPLAINT OF DEBTOR AND DEBTOR IN POSSESSION TO COMPEL TURNOVER OF DEBTOR'S PROPERTY**

application to approve Tonkon Torp's fees to be filed with the Bankruptcy Court shortly. (See Exhibit B hereto.)

17.     Tonkon Torp's demand for payment of its fees as a condition to turnover of the Records violates the terms of Tonkon Torp's employment in this case, violates the express priorities established by the Bankruptcy Code for the allowance and payment of administrative claims, does not comport with the provisions of the cash collateral orders in effect in this case, and violates the express provisions of Sections 362(a) and 542(e) of the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF

### To Compel Turnover of Property pursuant to 11 U.S.C. § 542(e)

18.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 17 above, as though fully set forth herein.

19.     As of the time of the filing of this adversary complaint, Plaintiff has made repeated demands upon the Defendant for turnover of the Records which are the Plaintiff's property.

20.     Defendant has failed and refused to turnover the Records in violation of Section 542(e) of the Bankruptcy Code.

21.     Plaintiff is entitled to an order and injunctive relief, pursuant to Section 542(e) of the Bankruptcy Code, compelling Defendant to turnover the Records.

WHEREFORE, the Plaintiff prays for judgment as follows:

1.     Compelling immediate turnover of the Records;

2.     Granting injunctive relief;

///

///

**Page 5**      **COMPLAINT OF DEBTOR AND DEBTOR IN POSSESSION TO COMPEL TURNOVER OF DEBTOR'S PROPERTY**

3.      For costs of suit and attorneys' fees as permitted by law; and

4.      For such other and further relief as the Court deems just and proper.


Dated:  October 19, 2010                    PACHULSKI STANG ZIEHL & JONES LLP


                                            By:    */s/ John D. Fiero*
                                                   John D. Fiero (CA Bar No. 136557)
                                                   Linda F. Cantor (CA Bar No. 153762)

                                                   and

                                                   BALL JANIK LLP
                                                   Brad T. Summers (OSB No. 911116)
                                                   David W. Criswell (OSB No. 925930)

                                                   [Proposed] Attorneys for Debtor


**Page 6**      **COMPLAINT OF DEBTOR AND DEBTOR IN POSSESSION TO**
                **COMPEL TURNOVER OF DEBTOR'S PROPERTY**

# EXHIBIT A

| From: | John Fiero |
|---|---|
| Sent: | Monday, October 11, 2010 10:43 AM |
| To: | 'al.kennedy@tonkon.com' |
| Cc: | 'Michael Fletcher'; Suzanne Arlie; John Musumeci; Scott Diehl; Linda Cantor; 'Summers, Tony' |
| Subject: | [Arlie] Fax to A. Kennedy 10-11-10.pdf |
| Attachments: | [Arlie] Fax to A. Kennedy 10-11-10.pdf |

Dear Al:

Please see the attached correspondence.

-- John


John Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Tel: 415.263.7000 | Fax: 415.263.7010
jfiero@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any
dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-
mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any
prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an
express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent
an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of
its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S.
tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or
matter addressed herein.



**PACHULSKI**
**STANG**
**ZIEHL**
**& JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

LOS ANGELES

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

DELAWARE

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK

788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www. pszjlaw.com

John D. Fiero                    October 11, 2010                    jfiero@pszjlaw.com

**VIA EMAIL AND FACSIMILE**
Al Kennedy, Esq.
Tonkon Torp LLP
888 SW Fifth Street
Portland, OR 97204
Email: al.kennedy@tonkon.com
Facsimile: (503) 274-8779

    Re:    **Request for Delivery**
             **of Files and Electronic Records**

Dear Mr. Kennedy:

    When I spoke with Michael Fletcher in connection with the substitution of counsel, I explained the importance of receiving the Arlie & Company files maintained by Tonkon Torp LLP. Please arrange for all "hard copy" and electronic files maintained by Tonkon Torp in connection with its representation of Arlie & Company to be delivered to the San Francisco office of Pachulski Stang Ziehl & Jones LLP immediately.

    Please let me know when Tonkon Torp will be accommodating this request. Thank you.

                Very truly yours,

                John D. Fiero

cc:  Suzanne Arlie
     John Musumeci
     Scott Diehl

05437-001\DOCS_SF:74330.1

# EXHIBIT B

**From:** John Fiero

**Sent:** Monday, October 11, 2010 12:50 PM

**To:** 'al.kennedy@tonkon.com'

**Cc:** tsummers@balljanik.com; 'Michael Fletcher'; Linda Cantor

**Subject:** Inquiry

Dear Al:

With regard to your phone conversation with Tony Summers today, the duty to maintain confidences survives the end of the lawyer-client relationship. As the client, Arlie & Company holds the attorney-client privilege, and Tonkon Torp has no authority to make any waivers of any type, specifically including the release of any pleading, plan or disclosure statement drafted for the client, whether filed or unfiled.

In the future, please direct all Arlie case inquiries to my attention.

If you have any questions regarding the foregoing, you are welcome to contact me directly.

-- John

John Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Tel: 415.263.7000 | Fax: 415.263.7010
jfiero@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Al Kennedy [mailto:albert.kennedy@tonkon.com]
**Sent:** Monday, October 11, 2010 1:39 PM
**To:** John Fiero
**Cc:** tsummers@balljanik.com; Michael Fletcher; Linda Cantor
**Subject:** RE: Inquiry [IWOV-PDX.FID579138]

Dear John,

Your analysis is incorrect.  You waived the privilege by (1) interjecting attorney-client communications as an element of your claim; (2) disclosing the September 22 communications from our office to your client, and (3) making allegations concerning our representation of the debtor.  You put the content of the September 22 draft plan and disclosure statement at issue in the upcoming hearing.  I will let you know if we decide to provide a copy of the documents to the parties that have requested them.

Al Kennedy

**Albert N. Kennedy | Tonkon Torp LLP**
888 S.W. Fifth Avenue | 1600 Pioneer Tower | Portland, OR 97204
Direct T: 503.802.2013 | Direct F: 503.972.3713 | al.kennedy@tonkon.com

| | |
|---|---|
| **From:** | John Fiero |
| **Sent:** | Tuesday, October 12, 2010 2:58 PM |
| **To:** | 'al.kennedy@tonkon.com' |
| **Cc:** | 'Michael Fletcher'; Linda Cantor; 'Summers, Tony' |
| **Subject:** | FW: [Arlie] Fax to A. Kennedy 10-11-10.pdf |
| **Attachments:** | [Arlie] Fax to A. Kennedy 10-11-10.pdf |

Hi, Al.

When can we expect Arlie's files?

-- John

---

**From:** John Fiero
**Sent:** Monday, October 11, 2010 10:43 AM
**To:** 'al.kennedy@tonkon.com'
**Cc:** 'Michael Fletcher'; Suzanne Arlie; John Musumeci; Scott Diehl; Linda Cantor; 'Summers, Tony'
**Subject:** [Arlie] Fax to A. Kennedy 10-11-10.pdf

Dear Al:

Please see the attached correspondence.

-- John


John Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Tel: 415.263.7000 | Fax: 415.263.7010
jfiero@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Al Kennedy [mailto:albert.kennedy@tonkon.com]
**Sent:** Wednesday, October 13, 2010 11:07 AM
**To:** John Fiero
**Cc:** Michael Fletcher; Linda Cantor; Summers, Tony
**Subject:** RE: [IWOV-PDX.FID579138] [Arlie] Fax to A. Kennedy 10-11-10.pdf

John,

First I would like to set the record straight. According to Mike Fletcher, you did not request Tonkon Torp's files during your conversations with him. Instead you both discussed scheduling a call to discuss transition issues. I guess your letter is in lieu of a call.

Second, I am not sure what you want. The Debtor has copies of all material documents and correspondence. It is our practice to forward copies of all material pleadings and correspondence to the client. Email exchanges with counsel relating to the plan were forwarded to either John or Scott or both. The Debtor has all loan documentation, pleadings and all documents produced by Umpqua Bank. Multiple versions of the plan and disclosure statement were sent to John or Scott for their review and input. They were copied on all material communications with bank counsel relating to plan terms. They conducted the discussions with the Creditors Committee themselves. We were excluded.

Our obligation is to provide copies to the client. We have done that. If there is anything that you need that the Debtor cannot provide you, let us know.

Thanks,

Al Kennedy
**Albert N. Kennedy | Tonkon Torp LLP**
888 S.W. Fifth Avenue | 1600 Pioneer Tower | Portland, OR 97204
Direct T: 503.802.2013 | Direct F: 503.972.3713 | al.kennedy@tonkon.com

**From:** John Fiero
**Sent:** Wednesday, October 13, 2010 11:26 AM
**To:** 'albert.kennedy@tonkon.com'
**Cc:** 'michael.fletcher@tonkon.com'; Linda Cantor; 'tsummers@balljanik.com'
**Subject:** Re: [IWOV-PDX.FID579138] [Arlie] Fax to A. Kennedy 10-11-10.pdf

Al,

I told Mike Fletcher to begin assembling the TT files and that a formal request would be forthcoming. Please deliver immediately to my attention all of the records TT has created in the course and scope of its representation of Arlie. This means paper and electronic files, including but not limited to emails (both internal and external) generated by TT relating to Arlie.

If the scope of Arlie's request remains unclear to TT, let me know immediately. Please also let me know when we can expect TT's cooperation. Thanks.


John Fiero
--------------------------
Sent from my Blackberry

Pachulski Stang Ziehl & Jones LLP
Los Angeles | San Francisco | Wilmington, DE | New York

**From:** Al Kennedy [mailto:albert.kennedy@tonkon.com]
**Sent:** Wednesday, October 13, 2010 11:52 AM
**To:** John Fiero
**Cc:** Michael Fletcher; Linda Cantor; tsummers@balljanik.com
**Subject:** RE: Arlie Fax to A. Kennedy 10-11-10.pdf [IWOV-PDX.FID579138]

John,

Do you have authority supporting your demand?  As I previously stated, the Debtor has copies of all material documents, pleadings, drafts and correspondence.  I am unaware of any requirement that we send you a second copy of items that the Debtor already has.

Thanks,

Al Kennedy

**Albert N. Kennedy | Tonkon Torp LLP**
888 S.W. Fifth Avenue | 1600 Pioneer Tower | Portland, OR 97204
Direct T: 503.802.2013 | Direct F: 503.972.3713 | al.kennedy@tonkon.com

**Attachments:** 2005-125.pdf
**From:** John Fiero
**Sent:** Wednesday, October 13, 2010 4:54 PM
**To:** 'Al Kennedy'
**Cc:** Michael Fletcher; Linda Cantor; tsummers@balljanik.com
**Subject:** RE: Arlie Fax to A. Kennedy 10-11-10.pdf [IWOV-PDX.FID579138]

Al,

Please see the attached. This should end the inquiry. If it does not, please have your ethics partner contact me Thursday morning.

Please also answer my prior questions about when we can expect the files. Thanks.

--- John

# FORMAL OPINION NO. 2005-125

## Client Property:
### Photocopy Charges for Client Files, Production or Withholding of Client Files

**Facts:**

Lawyer *A* is terminated by Client *A* while a matter is ongoing. At the time of the termination, Client *A* does not owe Lawyer *A* any fee. Client *A* then asks Lawyer *A* to provide Client *A*'s new lawyer with a copy of the entire file.

Lawyer *B* represented Client *B* in a matter some years ago. Client *B* now contacts Lawyer *B* and asks Lawyer *B* for a copy of Lawyer's entire file on the matter. No fee is owing from Client *B* to Lawyer *B*.

Lawyer *A* and Lawyer *B* would like to turn over some portions of their client files but would like to withhold other portions. Lawyer *A* and Lawyer *B* also would like to keep either the original or a copy of what they turn over to their clients.

**Questions:**

1.   What portions of their files may Lawyer *A* and Lawyer *B* retain, and what must they make available (with or without photocopy charges) to their clients?

2.   When, if at all, may Lawyer *A* and Lawyer *B* charge clients for photocopies?

3.   When, if at all, may Lawyer *A* and Lawyer *B* charge their clients for locating and segregating materials to be given to their clients?

**Conclusions:**

1.   See discussion.

2.   See discussion.

3.   See discussion.

## Discussion:

1.  *What Must Be Provided?*

Oregon RPC 1.16(c) and (d) provide:

> (c)    A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

> (d)    Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers, personal property and money of the client to the extent permitted by other law.

Oregon RPC 1.15-1(d) provides, in pertinent part:

> Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

As a general proposition, and absent viable attorney liens,[1] a lawyer is obligated to deliver a former client's entire file to the former client. *See, e.g., In re Arbuckle*, 308 Or 135, 775 P2d 832 (1989); *In re Chandler*, 306 Or 422, 760 P2d 243 (1988). By *entire file*, we mean papers and property that the client provided to the lawyer; litigation materials, including pleadings, memoranda, and discovery materials; all correspondence; all items that the lawyer has obtained from others, including expert opinions, medical or business records, and witness statements. The client file also includes the lawyer's notes or internal memoranda that may constitute "attorney work-product." *See, e.g.,* Minnesota Ethics Opinion 13 (1989).

Sometimes, however, the file maintained by a lawyer may include documents to which the client is not entitled. If, for example, the lawyer wrote a memorandum in Case *X* that dealt with a particular issue of law that was also germane to Case *Y,* the common practice is for the lawyer to place a copy of that memorandum in the Case *Y* file. Because, by hypothesis, the memorandum was not prepared in whole or in part for the

---

[1]    *See* OSB Formal Ethics Op No 2005-90; ORS 87.445, 87.476; *Potter v. Schlesser Co.,* 335 Or 209, 63 P3d 1172 (2003).

client in Case *Y,* that client has no right to receive that document. Indeed, the lawyer might well be violating duties of confidentiality or secrecy owed to the client in Case *X* if the memorandum were surrendered to the client in Case *B. Cf.* OSB Formal Ethics Op Nos 2005-96, 2005-81.

At times, lawyer files also may contain documents such as personal notes made by the lawyer that do not so much bear on the merits of the client's position in a matter as they do on the lawyer-client relationship. A lawyer might, for example, note in a file that the lawyer has consulted the lawyer's own counsel to explore the lawyer's potential exposure to discipline or to explore malpractice liability to the client. Documents reflecting matters of this type need not be produced to the client. *Cf.* Oregon RPC 1.6(b)(3) (lawyer may reveal confidential client information "to secure legal advice about the lawyer's compliance with these Rules").

There also may also be substantive legal reasons, such as law or court order, that prohibit the delivery of certain documents, either in whole or part, to clients.

We cannot say that there are no other possible classes of documents that may be withheld. As a general proposition, however, we say that unless there is a strong reason for not producing or providing documents, all documents that the client may want and that may be of assistance to the client must be provided.

### 2.    *When Must the Client Pay for Copies?*

A lawyer has a right to retain a copy of the client file.[2] The question then is when and under what circumstances the lawyer can charge a client to duplicate all or part of the file. The lawyer cannot charge for copies of original documents given by the client to the lawyer. The lawyer also cannot charge for copies of original documents prepared by the lawyer for the client and held by the lawyer at the client's request (e.g., the original of a client will or trust agreement). Any copies of such documents to be retained by the lawyer must be made at the lawyer's expense.

---

[2]    The Oregon RPCs do not mandate a retention period for client files, although the client file is considered client property that the lawyer must safeguard pursuant to Oregon RPC 1.15-1 during the period it is retained. The OSB Professional Liability Fund, however, has developed a detailed file-retention schedule based on the nature of the matter involved.

With respect to all other documents, the question of a photocopy fee depends primarily on the nature of the fee agreement between the lawyer and the client. If the fee agreement provided for photocopy charges to be paid by the client while the lawyer-client relationship was in existence, there is generally no reason to provide a different standard just because the lawyer-client relationship has ended.[3] If, on the other hand, the nature of the fee agreement between the lawyer and the client were such that the client was entitled to get copies of documents without separate charge, the client would be entitled to one copy, without charge, of any documents not previously provided to the client. To the extent, however, that the client in this latter type of situation wants duplicate copies of documents or information previously sent to the client, the lawyer is entitled to charge for photocopies.

3. *When May Personnel Charges for Locating and Segregating Files Be Assessed?*

A lawyer may not charge clients for the personnel costs of segregating the materials that the lawyer chooses not to produce. However, a lawyer may charge clients for the personnel costs of segregating materials that the lawyer is legally prohibited from producing, or if the client has requested only certain portions of the file. Subject to this limitation and to the limitation noted above, a lawyer may charge a client for labor costs associated with the production of a file to the extent that the lawyer could have charged the client for the same work if the same request had been made during the lawyer-client relationship. In addition, a lawyer may charge the client for such labor if the lawyer is being asked to reproduce documents or information already made available to the client.

---

[3]    The only circumstance in which we can presently foresee a different result would be a matter of timing. Suppose that a lawyer-client relationship ends in mid-matter and that an impecunious client needs documents immediately to protect the client's interest. In this circumstance, the lawyer's right to charge for photocopies, like the lawyer's right to a retaining lien more generally, would have to give way before the client's immediate need in light of Oregon RPC 1.16(d). *See* OSB Formal Ethics Op No 2005-90. The lawyer would, however, be free to pursue collection of photocopy charges at a later date just as a lawyer who cannot enforce a retaining lien is free to sue for past-due fees.

As is true in other circumstances, "clearly excessive" or "unreasonable" fees or charges are prohibited. *Cf.* Oregon RPC 1.5(a), 1.8(i); OSB Formal Ethics Op No 2005-124.

**Approved by the Board of Governors, August 2005.**

---

COMMENT: For additional information on this general topic and other related subjects, *see* THE ETHICAL OREGON LAWYER §11.14–11.16, 15.19 (Oregon CLE 2003); RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS §§33, 38, 44–46 (2003); and ABA Model Rules 1.15–1.16.

**Subject:** FW: Arlie Fax to A. Kennedy 10-11-10.pdf [IWOV-PDX.FID579138]
**From:** Al Kennedy [mailto:albert.kennedy@tonkon.com]
**Sent:** Friday, October 15, 2010 5:43 PM
**To:** John Fiero
**Cc:** Michael Fletcher; Linda Cantor; tsummers@balljanik.com
**Subject:** RE: Arlie Fax to A. Kennedy 10-11-10.pdf [IWOV-PDX.FID579138]

John,

Thank you for your response and the attached Opinion.  Unfortunately, the Opinion does not end the inquiry because Tonkon Torp has a viable attorney lien under ORS 87.430.  Further, the Opinion makes clear that Tonkon Torp is entitled to charge for copies because our fee agreement provides for photocopy charges to be paid by the client and that Tonkon Torp may charge for labor because you are asking us to reproduce documents that we have already made available to the client.  You may want to determine whether the Debtor wants to pay for us to copy documents that it already has.

As to the attorney's lien, we will be filing a fee application next week.  I would propose that the Debtor deposit 150% of the amount of our fees as required by ORS 87.435 with the Court to be held by the Court pending the allowance of the fees.  We will then copy and deliver the documents required to be delivered.  I suppose that we could frame these issues by filing a motion for relief from the stay, but that should be an unnecessary expense.

Al Kennedy

**Albert N. Kennedy | Tonkon Torp LLP**
888 S.W. Fifth Avenue | 1600 Pioneer Tower | Portland, OR 97204
Direct T: 503.802.2013 | Direct F: 503.972.3713 | al.kennedy@tonkon.com